United States District Court
Southern District of Texas
**ENTERED**
February 02, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DOMINGO MIRANDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00186 |
| | § | |
| INTERNAL REVENUE SERVICE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Domingo Miranda is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this action to compel the IRS to transmit to him Economic Impact Payments ("EIP") which were authorized by the CARES Act, 26 U.S.C. § 6428. Pending is the IRS's Motion For Summary Judgment. (D.E. 49). For the reasons set forth below, the undersigned **RECOMMENDS** Defendant's Motion for Summary Judgment (D.E. 49) be **GRANTED** and this case be **DISMISSED**.

## I.     BACKGROUND

On August 5, 2022, Plaintiff filed this prisoner civil rights case seeking relief pursuant to 42 U.S.C. § 1983. In his amended complaint, filed on August 24, 2022, Plaintiff asserted he was entitled to receive stimulus payments[1] for the tax years 2019 and

---

[1] The federal government enacted three major laws in response to the COVID-19 pandemic which authorized direct payments to almost every American adult with annual income levels below certain thresholds. In short, certain eligible taxpayers received several stimulus checks in varying amounts. *See Taylor v. Internal Revenue Serv.*, No. 1:22-cv-27-HSO-BWR, 2022 WL 4545121, at *2-3 (S.D. Miss. Sept. 28, 2022) (Describing history of the enactment of

2020. Plaintiff further alleged IRS records incorrectly listed him as deceased and therefore, his tax return filings were rejected. In effort to help resolve this dispute and while the case was pending before this Court, counsel for the IRS assisted Plaintiff, or at least facilitated Plaintiff's efforts, to have the IRS records corrected to reflect that Plaintiff is in fact alive. Those efforts were successful. There is no dispute Plaintiff is no longer listed as deceased by the IRS. Counsel for the IRS also facilitated the processing of Plaintiff's previously filed tax return for 2020 which resulted in Plaintiff receiving a refund/stimulus check in the amount of $1,944.24.² There is also no dispute Plaintiff has now received all stimulus payments due to him for the tax years of 2019 and 2020. (D.E. 12, Page 2; D.E. 30; D.E. 41 and D.E. 47).³ After payment was made and approximately ten months after Plaintiff filed his amended complaint in this case, Plaintiff, for the first time, asserted he also intended to raise a claim to recover EIP benefits for 2021. (D.E. 40; D.E. 41 and D.E. 47).

Pending is Defendant's Motion for Summary Judgment. (D.E. 49). Defendant asserts this case should be dismissed as moot because Plaintiff has received the relief requested in his live pleadings. Defendant further asserts that Plaintiff did not file a 2021 federal income tax return prior to filing this action nor has he filed an administrative claim with the IRS for the tax year 2021 and therefore, this Court lacks jurisdiction over

---

stimulus payments); (D.E. 49, Pages 9-10) (Defendant provides an overview of how stimulus payments were established and distributed depending on when a taxpayer claimed them).

[2] Whether Congress intended incarcerated persons to be eligible for EIP benefits is not before the Court and the undersigned has elected not to open that can of worms in this M&R.

[3] There was no stimulus payment available for 2019, as stimulus payments did not become available until 2020. (D.E. 30); 26 U.S.C. § 6428. After the IRS processed Plaintiff's 2020 tax return in early 2023, he received a refund of $1,944.24 in May 2023 which represents a stimulus payment of $1,800.00 plus interest. (D.E. 30 and D.E. 47).

Plaintiff's claims for additional EIP benefits. Plaintiff filed a response to the Motion, asserting this Court does not lack jurisdiction because he has received the incorrect amount as he is entitled to an additional payment of $1,400.00 plus interest for the tax year 2021. (D.E. 56). Plaintiff further asserts he filed his 2021 tax return sometime after the June 13, 2023 hearing in this case but "has not heard back from the IRS." (D.E. 56, Page 9). Defendant also filed a reply and Plaintiff filed a sur-reply. (D.E. 57 and D.E. 60).

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

The Court may not weigh the evidence or evaluate the credibility of witnesses. *Id*. Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56; *see also Cormier v. Pennzoil*

*Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (Refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (Stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56; *Anderson*, 477 U.S. at 248. The nonmovant may not rely merely on allegations, denials in a pleading or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its cause(s) of action. *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). "After the nonmovant has been given an

opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451.

## III. ANALYSIS

The undersigned finds Plaintiff has received the relief he was seeking in his amended complaint for tax years 2019 and 2020 and, accordingly, his case is now moot. His IRS record has been corrected, his tax return for 2020 has been processed and he received a stimulus payment for 2020. While Plaintiff now asserts he is also entitled to a stimulus payment for the tax year 2021, this year was not included in his amended complaint and the deadline for amendment of pleadings has long since expired. Defense counsel expended a significant amount of time ensuring the IRS corrected Plaintiff's record and Plaintiff promptly received the relief he requested, even though there was a question as to whether Plaintiff had properly exhausted his administrative remedies prior to bringing this case. (*See* D.E. 24; D.E. 25; D.E. 27; D.E. 30; D.E. 31; D.E. 36; D.E. 41 and D.E. 47). In short, Plaintiff's amended complaint no longer presents a live controversy now that he has received a stimulus payment for the years he requested. *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (A case becomes moot "when the issues presented are no longer 'live'"); *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) ("If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot.") (citation omitted); *Escobar v. Barr*, 824 F. App'x 300 (5th Cir. 2020) ("If, during the pendency of litigation, the complaining party receives the relief he originally sought to obtain in court, the action must be dismissed for lack of

subject-matter jurisdiction.") (citations omitted). Therefore, the undersigned recommends Respondent's Motion for Summary Judgment be granted and this case be dismissed as moot.

Additionally, as to Plaintiff's claims relating to 2021 EIP benefits, he has failed to exhaust the requirements for claiming a stimulus payment for the year 2021. While the United States consents to being sued in federal court for tax refunds, the taxpayer must first follow the conditions set forth in 26 U.S.C. § 7422, which requires the taxpayer to file an administrative claim with the IRS prior to suing in federal court. *Little v. Internal Revenue Serv.*, No. A-21-cv-446-RP, 2021 WL 2418013, at *2 (W.D. Tex. June 14, 2021), adopted 2021 WL 9494505 (W.D. Tex. Aug. 27, 2021) (A court lacks jurisdiction over a refund claim when a taxpayer fails to file an administrative claim before filing suit in federal court).

Plaintiff has not provided any competent summary judgment evidence that he has successfully submitted a tax return for the year 2021. Further, Plaintiff has also failed to provide any competent evidence that, even if he did file a tax return for 2021, it has been processed and he has been denied any stimulus payment for 2021. Additionally, there is no competent evidence that if Plaintiff was denied a stimulus payment for 2021, he filed an administrative claim with the IRS. These are all jurisdictional prerequisites to the filing of a suit for a refund in federal court. *Douglas v. Dept't of Treasury*, No. A-21-cv-617-RP, 2021 WL 3761221, at *2 (W.D. Tex. Aug. 25, 2021), adopted 2021 WL 9525532 (W.D. Tex. Nov. 30, 2021) (The Court lacked jurisdiction over incarcerated plaintiff's

claim for stimulus payments because plaintiff, while alleging he filed a tax return, did not allege he had filed an administrative claim with the IRS prior to filing suit); *Taylor v. Internal Revenue Serv.*, No. 1:22-cv-27-HSO-BWR, 2022 WL 4545121, at *3 (S.D. Miss. Sept. 28, 2022) (same). Accordingly, as to Plaintiff's claims for payment of EIP benefits for 2021, the undersigned recommends Defendant's Motion for Summary Judgment be granted and this case be dismissed for want of jurisdiction.

Additionally, to the extent Plaintiff's amended complaint can be construed as suing the IRS for violations of his constitutional rights, such claims are barred by sovereign immunity. *Douglas*, 2021 WL 3761221, at *2 (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001)) (other citation omitted); *Taylor*, 2022 WL 4545121, at *3 (Sovereign immunity barred plaintiff from asserting a claim against the IRS for a violation of his constitutional rights and, additionally, no officer or employee of the United States may be sued in their individual capacity in any suit related to the recovery of any internal revenue tax) (citation omitted).

## IV. RECOMMENDATION

For the reasons stated below, the undersigned **RECOMMENDS** Defendant's Motion for Summary Judgment be **GRANTED** and this case be **DISMISSED**. (D.E. 49).

ORDERED on February 2, 2024.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).